UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOEREN MAYHEW & CO., P.C., a
Michigan professional corporation,

    Plaintiff,

                              Docket No. 05-CV-71782
                              Honorable Lawrence P. Zatkoff
                              Magistrate Judge Donald A. Scheer

vs.

CPA MUTUAL INSURANCE COMPANY
OF AMERICA RISK RETENTION GROUP,
a Vermont corporation,

    Defendant.

| | |
|---|---|
| Dennis M. Haffey (P26378) | Arthur F. Brandt (P43746) |
| Brandy L. Stice (P59220) | Scott L. Carey |
| Dykema Gossett PLLC | Kristi S. Nolley |
| Attorneys for Plaintiff | Bates & Carey LLP |
| 39577 Woodward Avenue, Suite 300 | Attorneys for Defendant |
| Bloomfield Hills, Michigan 48304 | 191 N. Wacker drive, Suite 2400 |
| (248) 203-0813 | Chicago, Illinois 60606 |
| | (312) 762-3100 |
| | |
| | Linda M. Garbarino (P38359) |
| | Anita Comorski (P56703) |
| | Tanoury, Corbet, Shaw, Nauts & Essad |
| | Attorneys for Defendant |
| | 645 Griswold, Suite 2800 |
| | Detroit, Michigan 48226 |
| | (313) 964-6300 |

**STIPULATED PROTECTIVE ORDER**

WHEREAS plaintiff Doeren Mayhew & Co., P.C. has asserted claims against defendant CPA Mutual Insurance Company of America Risk Retention Group; and

WHEREAS the parties are engaged in discovery in connection with the above-captioned action (the "Litigation") now pending in the United States District Court for the Eastern District of Michigan, Southern Division (the "Court"); and

WHEREAS certain documents, testimony, electronic files and other tangible things (hereinafter, "Information") produced or provided, formally or informally, by any party or non-party during the course of the Litigation (including any appeals) may contain confidential legal, business, financial, and/or proprietary information ("Confidential Information"); and

WHEREAS the parties have mutually agreed that entry of a protective order is appropriate in this matter;

IT APPEARING JUST AND PROPER, pursuant to F.R.C.P. 26(c) and subject to the approval of the Court, IT IS HEREBY STIPULATED, AGREED AND ORDERED:

1.  The parties in good faith have designated all Information whether already produced or provided, or to be produced or provided, formally or informally, by either party or non-party during the course of the Litigation as Confidential Information.

2.  Any party objecting to any designation of Confidential Information shall so notify, in writing, counsel for the other party why such designation is being challenged and to whom the disclosure or use of the Confidential Information is directed and the purpose for which the disclosure is sought.  Upon such notice, counsel for the designating and objecting parties shall confer in an attempt to resolve the disagreement.  If no resolution is reached within ten (10) days, counsel for the designating party may move the Court for an order pursuant to F.R.C.P.

26(c) directing that the challenged Information be treated as Confidential Information.  In the event that counsel for the designating party does not move for such order within twenty (20) days after receiving notice of an objection, the challenged Information shall not be treated as Confidential Information.  In the event that counsel for the designating party moves for such order within twenty (20) days after receiving notice of an objection, the challenged Information shall be treated as Confidential Information until the Court decides such motion, and the parties will thereafter treat the Information according to the Court's order.  The designating party has the burden of proving good cause that the challenged information would be entitled to protection in the absence of this Protective Order.

   3.  Confidential Information may be used solely for the prosecution or defense of the Litigation, and for no other purpose, absent further order of the Court or written agreement of the parties.  Such Confidential Information will be held in strict confidence by each person receiving it, and shall not be disclosed to any person other than:  (a) the Court and its personnel, including clerks, secretaries, mediators and jurors; (b) in-house counsel and counsel retained by any party for this Litigation, their legal assistants and clerical and other support staff, including personnel at document duplication establishments; (c) officers, directors, employees (current or former), auditors, and reinsurers of any of the parties who are assisting counsel in the prosecution or defense of the Litigation or whom counsel must advise concerning the status of the Litigation, provided that any such officers, directors, employees, auditors, and reinsurers have been made aware of the terms of this Protective Order; (d) experts and consultants (and any employees or persons retained by any such experts or consultants to assist them in their role as experts or consultants) retained by any of the parties or their counsel who are participating in the prosecution or defense of the Litigation, provided that any such experts and consultants execute

an agreement in the form attached hereto as Exhibit A; (e)  non-party witnesses, provided that any such non-party witnesses execute an agreement in the form attached hereto as Exhibit A; (g) court or deposition stenographers and videographers; (h) any person who prepared or received particular Confidential Information prior to the Litigation; and (i) any other person agreed to in writing by counsel for the designating party.

   4. Nothing contained herein shall prohibit any party from disclosing or producing any Confidential Information if required to produce Confidential Information by law, order of a regulatory or judicial body or a lawful subpoena or other legal process.  However, in the event that disclosure or production is ordered, directed or compelled, the party so ordered, directed or compelled shall give prompt notice thereof to counsel for the designating party such that counsel for the designating party will have a reasonable opportunity to protect the Confidential Information from disclosure.

   5. All persons to whom Confidential Information is disclosed or by whom Confidential Information is used shall be advised of, and subject to, this Protective Order and shall take all reasonable precautions to prevent disclosure or use of Confidential Information other than as authorized herein.

   6. The parties may designate any deposition testimony or documents produced by a non-party as  "Confidential" pursuant to the terms of this Protective Order.

   7. Nothing in this Protective Order may be construed to restrict the parties' ability to present evidence to the Court at trial or otherwise.

    8. This Protective Order shall not be deemed to prevent any party from seeking, for good cause shown, a further protective order, either more or less restrictive.  The party seeking

the further protective order bears the burden of establishing good cause for any amendment, modification or other change from the terms of this Protective Order.

9.  This Protective Order shall not be deemed a waiver of: (a) any party's right to seek an order compelling discovery with respect to any discovery request; (b) any party's right to object to any discovery or the production of any documents, including on the grounds of confidentiality not sufficiently protected by this Protective Order, provided that the objecting party identify the documents withheld by author, recipients, date prepared, description and numbers of pages, and promptly move for a protective order for the documents identified; (c) any party's right to object to the admission of any evidence on any grounds in any proceeding herein; or (d) any party's right to use and disclose its own Information with complete discretion.

10. Upon resolution of the Litigation, including all appeals, if a party that produced Confidential Information so requests in writing, Confidential Information, and any documents, tangible things, or materials containing any such Confidential Information, except for documents that have been filed with the Court and work product, shall be destroyed by any party receiving the same from the producing party within thirty (30) days of such written notice, and such destruction shall be confirmed by the receiving party, in writing, and provided to the producing party within five (5) days of the destruction of the Confidential Information. If the producing party requests return of Confidential Information, such Confidential Information shall be returned to the producing party within thirty (30) days of the request at the producing party's expense. Notwithstanding the foregoing, each party shall be permitted to keep and maintain an index of all documents produced by parties and non-parties in the Litigation, and a copy of all documents filed with the Court or entered as exhibits at a deposition, court hearing, or trial.

11. This Court expressly retains jurisdiction over the enforcement of this Protective Order after the dismissal of or entering of judgment in this matter.

12. All the provisions of this Protective Order shall survive the conclusion of the Litigation, and shall continue to be binding after the conclusion of the Litigation unless subsequently modified by agreement among the parties or further order of this Court. "Conclusion of the Litigation" shall mean all appeals have been concluded, all appellate periods have expired and any settlement or judgment has become final.

13. Prior to the date that this Court enters or rejects this Protective Order and for a period of thirty (30) days thereafter, all Confidential Information produced in the Litigation by any party or non-party shall be treated as if this Protective Order had been entered by the Court.

| | |
|---|---|
| s/Brandy L. Stice<br>Dennis M. Haffey (P26378)<br>Brandy L. Stice (P59220)<br>Dykema Gossett PLLC<br>Attorneys for Plaintiff<br>39577 Woodward Avenue, Suite 300<br>Bloomfield Hills, Michigan  48304<br>(248) 203-0813 | s/with consent of Arthur F. Brandt<br>Arthur F. Brandt (P43746)<br>Scott L. Carey<br>Kristi S. Nolley<br>Bates & Carey LLP<br>Attorneys for Defendant<br>191 N. Wacker Drive, Suite 2400<br>Chicago, Illinois 60606<br>(312) 762-3100 |
| | s/with consent of Linda M. Garbarino<br>Linda M. Garbarino (P38359)<br>Anita Comorski (P56703)<br>Tanoury, Corbet, Shaw, Nauts & Essad<br>Attorneys for Defendant<br>645 Griswold, Suite 2800<br>Detroit, Michigan 48226<br>(313) 964-6300 |
| Dated:  March 21, 2006 | Dated:   March 21, 2006 |

       IT IS SO ORDERED.

Dated:  March 27, 2006       s/Lawrence P. Zatkoff
       Honorable Lawrence P. Zatkoff

**EXHIBIT A**

AGREEMENT CONCERNING CONFIDENTIAL MATTERS

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order in Doeren Mayhew & Co., P.C. v. CPA Mutual Insurance Company of America Risk Retention Group, Case No. 05-CV-71782 (United States District Court, Eastern District of Michigan, Southern Division), and that he/she understands the terms thereof, and that he/she agrees to be bound to such terms.  The undersigned further acknowledges that if he/she violates the Stipulated Protective Order, he/she will be subject to all available legal remedies, including contempt of court, money damages, personal liability and/or injunctive relief.

                                                                                                                     _____

                                                                                                                      Name:
                                                                                                                      Title:

Dated:  _____